# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFF DaROJA, INC.,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:20-1166** |
| : | |
| v. : | **(JUDGE MANNION)** |
| : | |
| **ALEX KLEYNER,** *et al.*, : | |
| : | |
| **Defendants** : | |

## M E M O R A N D U M

**I.  BACKGROUND**

On June 1, 2020, plaintiff Jeff DaRoja, Inc., ("DaRoja"), a contracting company owned by Jeffrey DaRoja, filed, through counsel, Thomas Farley, Esq., a "Claim for Mechanics Lien" in the Court of Common Pleas of Pike County, Pennsylvania, against defendants Alex Kleyner and his wife, Diana Ulyis, for "work and materials" and improvements that DaRoja alleges it made to the defendants' home at 136 Fairway Drive, Hemlock Farms, Lords Valley, Pennsylvania, 18428 ("the Property"). DaRoja alleges that it performed over $508,000 worth of work on defendants' home and that it was not compensated for the work. As a result, DaRoja filed its Claim against defendants under the Pennsylvania Mechanics' Lien Law, 49 P.S. §1101, *et seq.*, ("Lien Law"), and encumbered defendants' Property. In particular,

1

DaRoja alleges it furnished the work on the Property from January 27, 2018 to December 6, 2019, and that the nature of the work was the erection of a home on the Property. (Doc. 2).

Since defendants are citizens of New York, they removed this case to federal court on July 9, 2020, based on diversity jurisdiction, 18 U.S.C. §1332. (Docs. 1 & 2).

On July 14, 2020, defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, as well as a brief in support, and they request the court to dismiss DaRoja's Mechanics' Lien Claim for failure to conform to the strict requirements of Pennsylvania's Lien Law. (Docs. 4 & 5).

On July 14, 2020, the court scheduled a case management conference ("CMC") for August 12, 2020. At the request of both counsel, the court rescheduled the CMC for September 30, 2020. (Docs. 6-8).

On September 22, 2020, defendants filed their portion of the required Joint Case Management Plan together with a letter to the court indicating that counsel for plaintiff failed to confer with them and failed to complete plaintiff's portion of the Plan, in violation of the Rules of this court. (Docs. 9 & 10).

In response, on September 23, 2020, counsel for plaintiff filed a motion to withdraw his appearance as attorney for DaRoja. (Doc. 13). In his motion, counsel stated that since this case was removed to federal court, he has had no contact with DaRoja despite his four letters to DaRoja's owner and his

2

numerous voicemail messages to the owner to contact him. In his letters, counsel advised DaRoja's owner that since he does not practice in federal court, the owner would have to select a new counsel to represent him in this case. Counsel also suggested a replacement counsel for DaRoja. Counsel indicates that since DaRoja failed to respond to his letters and voicemail messages, and failed to contact him in any manner since this case was removed to federal court, he seeks to withdraw his appearance on behalf of DaRoja as "plaintiff is unwilling or willfully refusing to cooperate with [him] in this matter." (Doc. 13 & Exs. A-D). The court notes that counsel's last letter to DaRoja dated September 2, 2020, also included a Rule 68 offer from defendants to settle the case and resolve DaRoja's Mechanics' Lien on their Property. DaRoja has not responded to the offer.

Also on September 23, 2020, counsel for plaintiff filed a motion to continue the September 30, 2020 CMC since he has not been able to contact DaRoja. (Doc. 14). Defendants' counsel concurred in the motion. (Doc. 17).

Since it is the court's usual practice to await entry of new counsel before allowing the withdrawal of previous counsel, on September 30, 2020, the court granted the motion to continue the CMC and continued it until further order of the court. (Doc. 18).

On January 8, 2021, the court issued an order directing the parties to file a joint status report by January 19, 2021, due to the inactivity on the case. (Doc. 19).

On January 15, 2021, only defendants filed a status report since they were unable to contact plaintiff and its owner for their input in the report. Defendants incorrectly indicated that DaRoja was "unrepresented" since the court had not yet ruled on plaintiff counsel's motion to withdraw from the case. Defendants also requested the court to rule on their pending motion to dismiss since DaRoja's lien remained on their Property, and stated that "[e]ven in the absence of a Lien Claim, Plaintiff has the ability to seek full recourse by pursuing a civil action against Defendants." (Doc. 21). Defendants also provided proof that they served Jeffrey DaRoja with a draft copy of their report on January 13, 2021, but received no response from him. (Doc. 21, Ex. A).

On January 19, 2021, the court issued an order directing counsel for both parties to submit a joint status report, as previously ordered, by close of business, noting that plaintiff still had counsel of record. (Doc. 22).

On January 20, 2021, counsel for both parties filed a joint status report. (Doc. 24). In the report, plaintiff's counsel indicates that he has not heard from his client for over four months and requests the court to rule on his motion to withdraw as counsel. It was also indicated in the report that, to date, there has been no ruling on defendants' unopposed motion to dismiss DaRoja's Lien claim on their Property.

For the reasons discussed below, the motion of plaintiff's counsel to withdraw from the case, (Doc. 13), will be granted, and defendants' unopposed motion to dismiss DaRoja's Lien claim, (Doc. 4), will be granted.

The dismissal of DaRoja's Lien claim on defendants' Property will be without prejudice to DaRoja's right to pursue a civil action for damages against defendants, if appropriate.

## II.    DISCUSSION

Since defendants state the correct legal standard regarding a Rule 12(b)(6) motion to dismiss in their support brief, it will not be repeated herein.

Initially, the court will grant Farley's motion to withdraw as counsel for DaRoja since it is clear that he cannot represent a client who fails to communicate with him and to participate in the prosecution of its case. Further, Jeffrey DaRoja has not raised any objection to Farley's motion to withdraw.

Secondly, to date, DaRoja has not filed a brief in opposition to defendants' motion to dismiss despite being long overdue. Nor has it filed a request for an extension of time to file its brief. Since DaRoja has not filed a brief in opposition to defendants' motion to dismiss and it was due by July 28, 2020, it is deemed as not opposing the motion under Local Rule 7.6, M.D. Pa.

In any event, as defendants assert in their brief in support of their motion to dismiss, DaRoja has not presented a plausible claim for relief under the Pennsylvania Lien Law since it failed to comply with the strict requirements of the Law. Defendants state that "[i]t has long been held that

to effectuate a valid mechanic's lien claim, a contractor must be in strict compliance with the notice requirements of the Lien Law", and that "DaRoja's seven-paragraph Claim [*see* Doc. 2] so far deviates from the strict requirements of [49 P.S.] §1503 of the Lien Law, entitled 'Contents of Claim,' that it must be dismissed." (Doc. 5 at 4-5) (citations omitted). As defendants thoroughly explain in their brief, DaRoja's Lien Claim does not contain "the statutory claim contents that a mechanic's lien claim must include to survive a dispositive motion." (Id. at 6-10) (citing, in part, <u>Lawndale Construction Management, LLC, v. 1840 S. Camac St. Partners GP, LLC</u>, 2016 WL 4954582 (Pa. Super. Ct. July 11, 2016)).

Additionally, as defendants, (Id. at 10), conclude in their brief:

By all of the above standards, DaRoja's seven-paragraph Claim without exhibits is patently deficient. As in <u>Lawndale Construction</u>, it provides "nothing that would allow this court to verify the legitimacy of its claims." 2016 WL 4954582 at *1. There is no allegation whatsoever that the parties entered into a contract for an agreed sum. In the absence of that, DaRoja's Claim must include "a detailed statement of the kind and character of the labor or materials furnished, or both, and the prices charged for each," 49 P.S. §1503(6), something a residential owner might reasonably expect (and that the Lien Law certainly demands) with a claim valued at over $500,000. No such detailed statement appears in the Claim. The Claim does not specify whether the contract between DaRoja and [defendants] was oral or written, and no written agreement is attached.

Moreover, defendants, (Id. at 11), point out that DaRoja's Lien Claim is patently deficient under Pennsylvania law since:

There are no attachments to DaRoja's Claim [Doc. 2] whatsoever. Indeed, the only vague allegation regarding the purported contract

6

appears in paragraph 5, which states: The claim of the Claimant is based on the contract for labor and materials entered into between Owner and Contractor. . . . The nature and character of the work was the erection of a home located at 136 Fairway Drive, Hemlock Farms, Lords Valley, Pennsylvania 18428. [Doc. 2, Claim ¶5]. Under §§1503(5) and 1503(6) of the Lien Law, DaRoja's Claim is patently deficient and lacks the requisite statutory specificity.

Finally, as defendants, (Id.), explain:

Section 1503(3) of the Lien Law requires a claimant to specify the date of completion of the contractor's work. In Lawndale Construction, the Superior Court identified claimant's failure to do so as a secondary basis to dismiss the mechanic's lien claim. 2016 WL 4954582 at *2. There, the Superior Court noted that the trial court analyzed that the "claim did not state when the work had been completed and, in fact did not indicate that the work was completed: the claim stated only that the work has continued until at least June 15, 2015." Id.

Here, DaRoja's Claim only indicates that work and materials "were furnished from January 27, 2018 to December 6, 2019." [Doc. 2, Claim ¶5]. As in Lawndale Construction, DaRoja's Claim fails to state when the work was completed in violation of §1503(3).

Based on the foregoing, and in light of Lawndale Construction, 2016 WL 4954582 at *4 (holding that "the trial court did not err when it sustained the preliminary objections on the basis that the claim of lien did not contain the information required under the Law [49 P.S. §1503]"), the court concurs with defendants and finds that "DaRoja's Mechanics' Lien Claim violates [the] strict requirement found in §§1503(3), 1503(5), and 1503(6) of Pennsylvania's Lien Law." (Id. at 12).

7

## III. CONCLUSION

Based on the foregoing, the court will **GRANT** defendants' unopposed motion to dismiss Jeff DaRoja Inc.'s Mechanics' Lien Claim, **(Doc. 2)**, on defendants' Property. **(Doc. 4)**. The court will also **GRANT** Attorney Farley's unopposed motion to withdraw his appearance as counsel for plaintiff Jeff DaRoja, Inc. **(Doc. 13)**.

An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: February 24, 2021**
20-1166-01